# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS LEWIS, et al.,**
        Plaintiffs,

    v.                                        Case No. 05C1008

**JOHN MICHAEL STRAKA, et al.,**
        Defendants.

## DECISION AND ORDER

Plaintiffs brought this putative class action alleging that CIB Marine Bankshares, Inc. ("CIB") and various individuals associated with it committed securities fraud. Plaintiffs also named as a defendant KPMG, LLP ("KPMG"), an accounting firm that plaintiffs allege issued audit reports misrepresenting CIB's financial condition. On October 12, 2006, I dismissed plaintiffs' complaint against KPMG for failure to adequately plead scienter. Plaintiffs then amended their complaint in an attempt to satisfy the pleading requirements regarding scienter. KPMG now moves to dismiss the amended complaint's claims against it.

As I stated in the October 12, 2006 order, to state a claim under § 10(b) of the Securities and Exchange Act of 1934, plaintiffs must allege that KPMG made a false statement or omission of material fact in connection with the purchase or sale of securities, that it did so with the necessary scienter, and that plaintiffs justifiably relied on the false statement of omission and thereby suffered damages. <u>Makor Issues & Rights, Ltd. v. Tellabs, Inc.</u>, 437 F.3d 588, 595 (7th Cir. 2006). KPMG primarily challenges plaintiffs' complaint regarding the scienter requirement.

A complaint filed pursuant to § 10(b) must create a "strong inference" of scienter. 15 U.S.C. § 78u-4(b)(2). The inference must be "more than merely 'reasonable' or 'permissible' – it must be cogent and compelling." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2510 (2007). To create a strong inference of scienter, a pleading must allege facts indicating "an intent to deceive, manipulate or defraud," Ernst & Ernst v. Hochfelder, 425 U.S. 185,193 n.12 (1976), or insofar as it applies to an auditor, that the auditor acted so recklessly that its work "amounted to no audit at all, or to an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same facts." Davis v. SPSS, Inc., 385 F. Supp. 2d 697, 718 (N.D. Ill. 2005) (internal quotations omitted).

I conclude that although plaintiffs' amended complaint sets forth plaintiffs' conclusions in greater detail than its original complaint, it nevertheless fails to include facts creating a strong inference of scienter. Assuming as I must for purposes of a motion to dismiss that all the facts alleged by plaintiffs are true, the most that can be said is that the amended complaint creates an inference of negligence on the part of KPMG. Thus, I will grant KPMG's motion to dismiss. Though this conclusion is based on a holistic assessment of plaintiffs' allegations, see Tellabs, 127 S. Ct. at 2511 (stating that a court "is not to scrutinize each allegation in isolation but to assess all the allegations holistically"), in this decision I will discuss each of plaintiffs' allegations individually for organizational purposes and to highlight the "omissions and ambiguities [which] count against inferring scienter." Id.

In their attempt to demonstrate scienter, plaintiffs first allege that CIB violated Generally Accepted Accounting Principles ("GAAP") and argue that KPMG's failure to discover this amounted to a complete audit failure. However, plaintiffs allege no facts indicating how KPMG could have discovered the GAAP violations, much less facts suggesting that KPMG fraudulently or recklessly concealed them. Further, even assuming that plaintiffs allege facts indicating that KPMG should have discovered GAAP violations but failed to do so, such facts would create no more than an inference that KPMG was negligent as opposed to possessing scienter. Dietrich v. Bauer, 76 F. Supp. 2d 312, 335 (S.D.N.Y. 1999); see also In re Spiegel Inc. Sec. Litig., 382 F. Supp. 2d 989, 1035 (N.D. Ill. 2004).

Plaintiffs also allege that CIB had to restate its SEC filings and argue that this fact contributes to the creation of a strong inference of scienter on the part of KPMG. However, restatements create no inference of scienter. See Auto v. IMCERA Group, Inc., 47 F.3d 47, 53 (2d Cir. 1995) (stating that "mere allegations that statements in one report should have been made in earlier reports do not make out a claim of securities fraud"); see also DiLeo v. Ernst & Young, 901 F.2d 624, 628 (7th Cir. 1990) (stating that "fraud by hindsight" is not an actionable claim).

Plaintiffs also allege that KPMG violated Generally Accepted Accounting Standards ("GAAS") by failing to exercise professional skepticism, failing to expand the audit procedures and failing to test CIB management's assertions about the likelihood of collecting on certain accounts. Plaintiffs allege that KPMG's GAAS violations are indicative of fraud. However, with respect to their claims that KPMG should have exercised greater

3

professional skepticism and should have scrutinized CIB's assertions more assiduously, plaintiffs allege no supporting facts.

As for plaintiffs' allegation that KPMG should have expanded its audit procedures, this is based on plaintiffs' assertion that CIB misreported loans that were used to purchase CIB stock. However, plaintiffs allege no facts indicating that KPMG was aware of the alleged misreporting, and no facts suggest that KPMG was reckless in failing to discover it. The amount that was misreported was a very small amount; the most that can reasonably be inferred from the misreporting is mistake rather than fraud.

Plaintiffs rely on In re Rent-Way Securities Litigation, 209 F. Supp. 2d 493 (W.D. Pa. 2002). However, in that case, plaintiffs pleaded specific facts about what the auditor knew and how it failed to act on such knowledge. Id. at 500. The complaint alleged that the auditor knew that the client failed to record certain information but nevertheless accepted the client's financial data. The complaint also alleged that the auditor knew certain specific facts that triggered a duty to exercise greater professional skepticism. In contrast, in the present complaint, plaintiffs present no facts indicating that KPMG knew of CIB's errors and no facts indicating why KPMG should have known of them. Thus, plaintiffs' allegations relating to GAAS violations do not establish a strong inference of scienter.

As discussed, plaintiffs allege no facts indicating that KPMG had actual knowledge of CIB's alleged improper accounting practices. However, plaintiffs also allege that KPMG ignored various "red flags" which should have caused it to investigate further and argue that KPMG's failure to do so amounted to actionable recklessness. Red flags, which may indicate scienter, are "specific, highly suspicious facts and circumstances available to the auditor at the time of the audit." Davis, 385 F. Supp. 2d at 718. "Deliberately ignoring red

4

flags . . . can constitute the sort of recklessness necessary to support at § 10(b) violation." Great Neck Capital Appreciation P'ship, LLP v. PricewaterhouseCoopers, LLP, 137 F. Supp. 2d 1114, 1124 (E.D. Wis. 2001). However, the red flags that plaintiffs point to consist primarily of CIB's alleged GAAS violations. And, as previously discussed, plaintiffs do not plead facts indicating either that KPMG discovered such violations or facts indicating that KPMG was reckless in failing to discover them. See Rieger v. PricewaterhouseCoopers, LLP, 117 F. Supp. 2d 1003, 1009 n.5 (S.D. Cal. 2000) (stating that "weak internal account controls" are "boilerplate 'red flags'" and do not create a strong inference of scienter).

Plaintiffs refer to two additional red flags, but they are insufficient. First, Plaintiffs allege that CIB's fees for collection work increased and that the increase should have caused KPMG to infer that CIB had too many problem loans and to investigate whether CIB was maintaining sufficient reserves. However, plaintiffs do not allege facts indicating that KPMG was reckless by not making such an inference and not carrying out such an investigation. The alleged increase in CIB's collection fees was relatively small, certainly not large enough to amount to much of a red flag. Further, the increase was disclosed in the 2002 Form 10-K, which casts doubt on any claim that KPMG ignored the figure or that KPMG was acting so recklessly as to be fraudulent. The figure was accurately reported, and plaintiffs do not explain why the increase was sufficiently disproportionate to their other numbers in the financial statements as to constitute a red flag. Plaintiffs' failure in this regard is especially important inasmuch as the other numbers in the financial statement, such as the loan loss reserve amount, were also increasing. Plaintiffs fail to explain why the increase in collection fees was a red flag and why KPMG's failure to investigate it

5

further constituted recklessness. Absent such a showing, I cannot hold that the increase is the "specific, highly suspicious" fact or circumstance necessary to constitute a red flag. Davis, 385 F. Supp. 2d at 718.

Second, plaintiffs argue that alleged regulatory actions relating to CIB constituted a red flag. However, the only regulatory action that plaintiffs mention relates to a Memorandum of Understanding that CIB-Chicago entered into with Illinois's Office of Banks and Real Estate. However, KPMG addressed this Memorandum in the notes to CIB's 2002 Form 10-K. Thus, it does not support an allegation that KPMG acted deceptively. Plaintiffs allude to earlier regulatory actions but present no facts supporting that such actions existed or that KPMG knew of them. This is fatal because as I noted in my previous ruling, a company's knowledge cannot automatically be imputed to an auditor. Plaintiffs' allegations relating to regulatory actions do not create a strong inference of scienter.

Plaintiffs also allege that CIB's losses were so great that KPMG had to have known of CIB's fraudulent activities. However, this allegation is highly conclusory. In the absence of some facts suggesting that KPMG acted fraudulently or recklessly, the fact that there were large losses does not create a strong inference of scienter. See DiLeo, 901 F.2d at 627 ("Four billion dollars is a big number, but even a large column of big numbers need not add up to fraud.").

Plaintiffs also allege that because KPMG was being paid for its work, it had a motive to commit fraud and that such motive supports an inference of scienter. Plaintiffs base this claim on the notion that KPMG would lose auditing fees if it declined to certify CIB's statements. However, I rejected this argument in my previous decision, noting that an

6

auditor's short term gain in auditing fees derived from improperly certifying financial statements would be outweighed by its long-term interest in maintaining a solid reputation as an honest accounting firm. See In re Suprema Spec., Inc., 438 F.3d at 282.

Therefore, examining the complaint as a whole, plaintiffs have not sufficiently pleaded enough facts to establish that is at least as likely as the possibility that KPMG performed negligently but non-fraudulently. Since plaintiffs have not pleaded enough facts to give rise to a strong inference of scienter, they have failed to state a claim under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), as per the requirements of the PSLRA, 15 U.S.C. § 78u-4.

The parties make arguments as to whether plaintiffs have sufficiently pled reliance under the "fraud on the market" theory. However, given that I have found that plaintiffs' claim against KPMG fails to adequately allege scienter, I need not examine whether it additionally fails to adequately allege reliance.

I previously allowed plaintiffs to attempt to remedy the defects in their complaint, but they failed to do so. It does not appear that allowing any additional amendments would increase the chances of plaintiffs being able to successfully state a claim. Based on the fact that I have already granted leave for plaintiffs to amend their complaint once, and any further amendments would likely be futile, I will dismiss plaintiff's claims against KPMG with prejudice and dismiss KPMG from this suit. See Ferguson v. Roberts, 11 F.3d 696, 706 (7th Cir. 1993) (holding that repeated failure to cure deficiencies and futility of amendment are valid reasons for denying leave to amend); Davis, 431 F. Supp.2d at 833 (stating that there is no reason to grant plaintiffs a third attempt to plead claims despite the strict requirements of PSLRA).

In closing, I note that there is yet another motion for judgment on the pleadings pending, which is not fully briefed. The stay on discovery will remain in place until such motion is resolved.

**Therefore,**

**IT IS ORDERED** that KMPG's motion to dismiss plaintiff's amended count 3 is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant KMPG LLP is **DISMISSED FROM THIS ACTION.**

**IT IS FURTHER ORDERED** that given the pending motion for judgment on the pleadings, the motions to vacate the stay order (docket # 158 and 159), motion to intervene as plaintiff, (docket # 172) and motion to file surreply (docket # 194) are **DISMISSED WITHOUT PREJUDICE.**

Dated at Milwaukee, Wisconsin this 13 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge