**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

DENNIS LEWIS, et al.

    Plaintiffs

v.

CIB MARINE BANCSHARES, INC., et al.,

    Defendants.

Case No. 05-cv-1008 (LA)

JUDGE LYNN ADELMAN

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed.R.Civ. P. 26(f), a meeting was held on April 29, 2008 at Schiff Hardin LLP in Chicago. The meeting was attended by Dan Pope and Kristi Browne for Plaintiffs and Allan Horwich and John Martin of Schiff Hardin LLP speaking for all Defendants.

2. The parties agreed to exchange the information required by Fed.R.Civ.P. 26(a)(1) on May 16, 2008.

3. Discovery Plan. The parties jointly propose, except where there is disagreement noted, the following discovery plan:

    a. Discovery will be needed on the following subjects: class certification, whether the Defendants engaged in securities fraud and if so, whether by omission as well as by affirmative misrepresentations, control person liability claims, and damages.

    b. All discovery other than expert discovery will be completed by September 1, 2009 unless discovery disputes arise requiring judicial resolution, delaying document production or depositions.

c. Maximum of 50 interrogatories by each side unless enlarged by agreement or Court order on a party's motion. Responses due 30 days after service.

d. Maximum of 50 requests for admission by each side unless enlarged by agreement or Court Order on a party's motion. Responses due 30 days after service.

e. Maximum of 20 depositions by all plaintiffs and 20 depositions by all defendants excluding party depositions and expert depositions unless enlarged by agreement or Court Order.

f. Each deposition (other than parties and experts) limited to a maximum of 7 hours unless extended by agreement or Court Order. For depositions of parties and experts, each deposition shall be limited to a maximum of 12 hours over two consecutive days unless extended by agreement or Court Order on a party's motion.

g. For expert reports and disclosures other than those addressing the question of class certification (*see* part 5.c. hereof), the parties propose the following:

- Reports from retained experts under Rule 26(a)(2) due by all plaintiffs 42 days after fact discovery closes.

- Plaintiffs' experts to be made available for depositions within 28 days after disclosure.

- Reports from retained experts under Rule 26(a)(2) due by all defendants 21 days after plaintiffs' experts are all deposed.

- All defendants' experts to be made available for depositions within 28 days after disclosure.

- Plaintiffs' rebuttal experts, if any, to be disclosed 21 days after all defendants' experts have been deposed.

2

- Plaintiffs' rebuttal experts to be made available for depositions within 28 days after disclosure.

- Any motion to exclude any expert testimony due the earlier of 21 days after the completion of all rebuttal expert discovery or written notice the plaintiffs will not be submitting any rebuttal expert reports, responsive brief due 21 days thereafter, and any reply brief due 14 days thereafter.

   h. All parties shall timely supplement discovery responses as provided by Rule 26(e).

4. Other Items.

   a. The parties request a conference with the Court before entry of the scheduling Order. Such a conference is now set for May 27, 2008 by telephone.

   b. The parties request a pretrial conference by phone at the Court's convenience during fact discovery.

   c. Plaintiffs are allowed to amend the pleadings and join additional plaintiffs, consistent with Rules 15(a) and 24(b), until 30 days after the Court enters an Order regarding class certification. No such amendment, however, shall affect the claims in a manner inconsistent with the Court's ruling on class certification, e.g., by adding a claim that presents class certification issues that have not been addressed by the Court.

   d. Briefing on class certification needs to be set at a reasonable time during fact discovery. Defendants suggest briefing start on September 23, 2008. Plaintiffs believe briefing should start January 5, 2009, to

allow the plaintiffs adequate time to organize facts based discovery. This disagreement is addressed further below at part 5.c. hereof.

e. Defendants are allowed to amend the pleadings and add additional parties, consistent with Rule 15(a), up to 60 days after the Court enters an Order regarding class certification.

f. All dispositive motions should be filed 30 days after the close of expert discovery; responsive briefs due 30 days thereafter; reply briefs due 21 days thereafter. All motions for summary judgment shall comply with Local Rule 56.2.

g. Settlement is being discussed and the parties agree that the process may be enhanced by the Court's participation. Plaintiffs believe that alternative dispute resolution may also be appropriate here, but Defendants at this time do not support the use of alternative dispute resolution, inasmuch as a prior mediation was unsuccessful and defendants believe that if an early settlement is not achieved the intervention of a mediator is not likely to produce a different outcome at this time.

h. Defendants have preliminarily identified the electronic media that is in their possession. Electronic discovery from the defendants was discussed but no concrete solutions were reached. **Plaintiffs' Position:** It is plaintiffs' position that the defendants need to provide to the plaintiffs proposed expenses for copying DVDs and CDs containing emails from certain key ex-employees, and hard drives from computers used by certain key ex-employees. **Defendants'**

4

**Position:** Defendants contend that wholesale copying of all electronic media will not be required, as the scope of discovery will not encompass the entirety of every electronic record in Defendants' possession. Defendants do not object to identifying the costs involved in making productions from DVDs or CDs containing e-mails or other electronically stored information, but plaintiffs have yet to identify the scope of production they seek. Defendants accordingly propose that this issue can only be addressed if and when plaintiffs propound a proper discovery request, any objections by Defendants have been resolved.

i. The parties disagree regarding document production. **Plaintiffs' Position:** Plaintiffs believe the bank when it says it is in a precarious financial condition and suggest document production proceed in an informal way, ie, by letter to save costs to each party. **Defendants' Position.** Defendants do not believe this is a Scheduling Order issue. Rather, Defendants state that Plaintiffs should proceed in accordance with the Federal Rules and propound appropriate requests to produce pursuant to Rule 34, Defendants can then respond and interpose any appropriate objections, and any disagreements that may arise may be presented to the Court when they are ripe.

5. Areas of disagreement other than those reflected above.

   a. The parties disagree as to the setting of trial-related deadlines. **Defendants' Position:** The Defendants believe setting dates for final lists of witnesses and exhibits, along with a final pre-trial conference

and trial date is premature.  **Plaintiffs' Position:**  Plaintiffs ask the Court to set a deadline for submission of final list of witnesses from plaintiffs by September 7, 2010, and by all defendants by September 28, 2010; all objections by any party under Rule 26(a)(3) due 14 days thereafter; that a final pre-trial conference be set for 21 days thereafter; and that trial be set 21 days thereafter.

b. The parties disagree as to the likely length of trial. Plaintiffs anticipate a 3-6 week trial. Defendants are unable to provide an estimate of the length of trial at this time.

c. As noted above, the parties disagree as to the proper timing for briefing and hearing on the issue of class certification. **Plaintiffs' Position:** Plaintiffs agree to have fact discovery move hand in hand with class certification, but disagree that experts or a hearing is necessary at this time. Plaintiffs propose not to begin briefing the issue of class certification until January 5, 2009. **Defendants' Position:** Defendants submit that Plaintiffs' proposed plan is not in compliance with the mandate of Rule 23(c)(1)(A) that the certification issue be determined "[a]t an early practicable time." The Defendants propose that the parties should be ordered to place a priority on any certification-related discovery so that it can be completed in time so that the issue of class certification (and any expert discovery relating thereto) can be completed according to the following schedule:

- Plaintiffs' brief in support of class certification be filed on or before September 23, 2008, with any supporting expert report.

- Defendants' brief in opposition would be due October 14, 2008, unless plaintiffs submit an expert report, in which event the brief would be due November 4, 2008, with the deposition of plaintiffs' expert taken on or before October 14, 2008. The defendants would submit any expert report with their brief.

- Plaintiffs' reply brief would be due two weeks after defendants' brief if defendants do not submit an expert report; if the defendants submit an expert report, the deposition of defendants' expert may be taken within three weeks after the filing of defendants' brief, in which event the reply brief is due three weeks after the deposition deadline.

- Any party may request a factual hearing (which the Court may or may not grant) within one week after plaintiffs' reply brief is filed.

Defendants submit there is substantial doubt about certification and it is inappropriate for them to incur the hundreds of thousands, if not millions, of dollars of the cost of discovery only to learn, as may be the case, that this case can proceed only on behalf of the small number of individual Plaintiffs who have sued.[1] Plaintiffs submit class certification should proceed by motion and that document discovery costs can be substantially reduced by the informal procedure suggested above.

d. The parties disagree as to coordination of discovery deadlines between this action and a state court action brought by an individual CIB shareholder entitled *Ruedi v. CIB et al.*, presently pending in

---

[1] In some situations, where the case is unlikely to continue if the class is not certified, courts may bifurcate discovery, limiting the initial phase of discovery to class-related issues. *See* Manual for Complex Litigation, Fourth, at Section 21.14. Defendants are not requesting that this Court enter such an order here, although Defendants seriously question whether this case would in fact proceed in the absence of certification, given the cost to Plaintiffs of pursuing a case of this complexity and scope on behalf of the few individuals who have joined this action.

Illinois state court in Champaign County.² Lead Counsel for the putative class plaintiff here is the plaintiff's counsel in *Ruedi*. Defendants suggest that it may be appropriate for the two courts to be in communication to facilitate the most economic discovery and the avoidance of inconsistent rulings on, for example, discovery issues. Further, Defendants believe that such coordination will prevent unnecessary duplication of cost, undue burden, and inconvenience to witnesses, the parties, and the Court.³ Plaintiffs have agreed to the extent possible to coordinate discovery in both cases so that documents do not need to be served twice and depositions do not need to be taken twice. However, Lead Counsel here have stated that they want to

---

² Defendants submit that many of the issues in this case and in *Ruedi* overlap, such as the accuracy of financial and other disclosures made by CIB prior to Ruedi's exercise of options on October 1, 2002, to buy CIB stock, a transaction that occurred midway during the putative class period in this case. Plaintiffs believe the State Court Judge in Ruedi should decide how that case proceeds, and disagree the cases overlap all that much. Plaintiffs believe the Ruedi case discovery can be completed with less than 6 depositions and a trial lasting no more than 2 days. Defendants disagree that fewer than 6 depositions would be sufficient in the Ruedi case, in view of the possible need to take evidence depositions of third-parties. Defendants do not understand Plaintiff Ruedi's assertion that his case can be tried in 2 days when Plaintiffs here estimate that this case will take 3-6 weeks to try in order to establish the alleged material representations and culpability claims.

³ For example, under the schedule agreed upon in this case, Defendants would not have to disclose their expert witnesses and theories until late in 2009. If *Ruedi* were to go to trial earlier, however, those persons who are defendants in *Ruedi* would have to accelerate the preparation and disclosure of their theories of the case, including those matters addressed by experts. Indeed, in a proposed *Ruedi* scheduling order presented on behalf of Plaintiff by Lead Counsel on May 6, 2008, Plaintiff Ruedi would have Defendants CIB and J. Michael Straka designate any and all defense experts no later than August 1, 2008, i.e., more than fifteen months before Lead Counsel has agreed to require Defendants' expert designations here. Defendants submit that this would be unfair to Defendants CIB and J. Michael Straka and unfair to the other Defendants in this case who are likely to want to share experts.

move the *Ruedi* case on a faster track than this matter even though that inevitably will result in the need to take multiple depositions of the same individuals. Finally, Defendants propose that the trial of this matter should occur first, while Lead Counsel has stated that they cannot agree to that plan because, among other things, the *Ruedi* case was filed earlier than this action. Judge Ford, presiding over *Ruedi*, is likely to hold a Case Management Conference in that matter in the near future.

e. The parties disagree as to certain privilege issues. **Plaintiffs' Position:** In CIB's Annual Report for 2004, it reported that in October of 2003, a Special Review Committee of the Board of CIB was established to evaluate the adequacy of its allowance for loan losses in the face of what became 130 million dollar + write-downs of many large commercial loans, and the restatement of earnings and losses in 2001-2004. That committee engaged the services of a loan review firm and Winston & Strawn to conduct an investigation. That investigation continued into 2004 and was enlarged to include possible illegal activities. The results were reported to the Board of CIB, the banking regulators and KPMG at the end of 2004. The Defendants refuse to produce any information about the legal investigation including dozens and perhaps hundreds of witness statements obtained by the bank's outside counsel. CIB takes the position this investigation and any witness statements in their possession are covered by the attorney-client privilege and the work product doctrine. Plaintiffs believe the

9

privilege, if any applies, only applies to the information provided by the CIB, the client, to its lawyers, Winston & Strawn, and not by CIB's various officers, directors or employees as none of them were clients of Winston & Strawn. Nothing made this conflict of interest any clearer than many former key CIB officers and employees who were interviewed were fired as a result of the investigation. Further, any privilege that existed was waived by sharing the report and other information gathered with bank regulators and KPMG who are "adversarial parties" to CIB. As to the work product doctrine claim by CIB, first, it is a heavy burden and one CIB must overcome. CIB will argue "selective waiver", but Court after Court has rejected that claim. See Opinion and Order by Judge Scheindlin in In re Initial Public Offering Securities Litigation, 21 MC 92 (SAS), dated February 14, 2008, a copy of which will be provided to the Court and counsel by mail. Second, Rule 26(b)(3) provides an exception upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable to obtain the information without undue hardship. Plaintiffs believe they qualify on both grounds. These witnesses are now scattered to the wind and some may be dead. Even if they can all be found, their recollections some 4 years later is suspect. Plaintiffs ask the Court to order CIB to produce that report and all witness interviews. **Defendants' Position:** Defendants do not concur in the foregoing description, which contains factual errors, but acknowledge that Winston & Strawn conducted an independent

investigation on behalf of a committee of the CIB board of directors. That said, this dispute is not properly the subject of a Scheduling Order. The question of whether Plaintiffs may properly seek materials prepared in connection with investigation is entirely premature. Plaintiffs may propound discovery requests on that issue in due course, Defendants will respond in accordance with the Rules, and any disputes that may develop at that time may be addressed by the Court when they are ripe for review and the Court has a full record before it on any such dispute.

Dated this 19th day of May 2008.

>Dennis Lewis, et. al., by their attorney, Daniel J. Pope of Phebus & Koester,
>
>By:    s/Daniel J. Pope
>      DANIEL J. POPE
>      PHEBUS & KOESTER
>      136 West Main Street
>      Urbana, Illinois 61801
>      (217) 337-1400
>      *dpope@phebuslaw.com*
>
>CIB Marine Bancshares, Inc., et. al., by their attorney,
>
>By:    s/Allan Horwich
>      Allan Horwich
>      SCHIFF HARDIN LLP
>      233 South Wacker Drive
>      Chicago, Illinois 60606-6473
>      *ahorwich@schiffhardin.com*