**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

DENNIS LEWIS, MARK SELVAGGIO, MARY SELVAGGIO, ANTHONY SELVAGGIO, GARY NEVINS, MICHELE NEVINS, JAMES R. SCHUETT, HARRY ALTON, DORIS ALTON, BERNIE MYLER, LINDA MYLER, JAMES HAUSMAN, and STEVEN E. MORGAN

*On behalf of themselves and all others similarly situated,*

Plaintiffs

v.

JOHN MICHAEL STRAKA, DONALD STRAKA, STEVEN KLITZING, DONALD M. TRILLING, DEAN M. KATSAROS, W. SCOTT BLAKE, HOWARD E. ZIMMERMAN, NORMAN E. BAKER, JOSE ARAUJO and CIB MARINE BANCSHARES, INC.,

Defendants.

Case No. 05-cv-1008 (LA)

Judge Lynn Adelman

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED CLASS SETTLEMENT**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff Dennis Lewis and plaintiffs Mark Selvaggio, Mary Selvaggio, Anthony Selvaggio, Gary Nevins, Michelle Nevins, James R. Schuett, Doris Alton, Bernie Myler, Linda Myler, James Hausman, and Steven E. Morgan (collectively "Plaintiffs") and Defendants CIB Marine Bancshares, Inc. ("CIB"), J. Michael Straka, Donald Straka, Steven Klitzing, Donald M. Trilling, Dean M. Katsaros, W. Scott Blake, Howard E. Zimmerman, Norman E. Baker, together with the Estate of Jose Araujo, ("Defendants"), jointly move for an Order granting preliminary approval of a proposed class settlement agreement. The proposed settlement terms are memorialized in an Stipulation and Agreement of Settlement (the "Settlement Agreement"), attached as Exhibit A.

Plaintiffs and Defendants jointly request that this Court (i) approve the proposed settlement including the forms of notice and claim form for prospective class members, (ii) preliminarily certify a class for settlement purposes, and (iii) allow Plaintiffs to proceed with class notice as set forth in the Settlement Agreement and below. In support of this Motion, the parties state as follows:

**Background**

1. This action, originally filed by in the United States District Court for the Central District of Illinois, Urbana Division and transferred to this Court in August 2005, asserts claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5 on behalf of a purported class of individuals who purchased the common stock of CIB during the period between January 21, 2000 through April 12, 2004, inclusive (excluding the individual Defendants, members of their immediate families, any entity in which any Defendant had a controlling interest, and the legal representatives, heirs, controlling persons, successors, predecessors in interest or assigns of any such excluded party). Prior to transfer, the United States District Court for the Central District of Illinois, acting pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 ("PLSRA"), had appointed Dennis Lewis Lead Plaintiff, Joseph W. Phebus as Lead Plaintiff's attorney, Joseph W. Phebus and Daniel J. Pope of Phebus & Koester, Thomas Leiter and Samuel B. Zabek of the Leiter Group, and Kristi Browne of as class counsel. Subsequent to transfer, Douglas J. Phebus and Peggy A. Lautenschlager of Lawton & Cates were also appointed as class counsel.

2. On April 1, 2008, following the denial of motions to dismiss and for judgment on the pleadings filed by Defendants and at the outset of formal discovery in this case, CIB filed its Form 10-K for the year ended December 31, 2007. That Form 10-K disclosed that CIB's

insurer, Progressive Casualty Insurance Company ("Progressive") had declined any further coverage for this action – including both payment of defense costs and of any settlement or judgment. It also updated information regarding CIB's existing financial situation, most notably its obligation to pay over $39.75 million in arrearages on certain trust preferred securities in the first quarter of 2009 if the arrearage was not discharged prior to that time. The arrearage on the trust preferred securities has not been discharged and, in recent quarters, CIB has incurred substantial operating losses and anticipates incurring losses in the immediate future. Certain efforts by CIB to improve its own capital position have been successful only in part.

3. While the parties had previously participated in a lengthy mediation that was unsuccessful, in view of CIB's financial circumstances and its obligation under its bylaws to advance defense costs incurred with respect to the Action to its present and former officers who are defendants in the Action, the Parties agreed to engage in further settlement negotiations.

4. On August 14, 2008, the Court conducted a full-day settlement conference attended by various named Plaintiffs as well as counsel for all Plaintiffs and all Defendants. During the course of that conference and with the Court's assistance, the parties were able to arrive at an agreement in principle to settle this litigation.

5. In the weeks that followed, the parties have agreed upon a Stipulation and Agreement of Settlement, as well as forms of Notice, a Plan of Allocation, and an anticipated Final Approval Order, which are attached hereto as exhibits for the Court's Review.

**Terms of the Proposed Settlement.**

6. The Settlement Agreement, attached hereto as Exhibit A, provides for the resolution of all claims arising out of proposed class members' purchase of CIB common stock between January 21, 2000 and April 12, 2004, in exchange for consideration that includes the

creation of a settlement fund of 4.418 million dollars ($4,418,000.00) created by CIB and Progressive.

7.  The Settlement Agreement is conditioned upon the certification of a settlement class consisting of those who purchased common stock of CIB during the period between January 21, 2000 through April 12, 2004 (including those who acquired CIB stock in exchange for the stock of another corporation). CIB has a right to withdraw from the settlement agreement under certain conditions, including if (i) class members who purchased, in the aggregate, 100,000 shares or more of CIB Marine Bancshares Stock during the Settlement Class Period request exclusion from the Settlement Class or (ii) any individual Settlement Class Member or affiliated Settlement Class Members who purchased in excess of 25,000 shares of CIB Marine Bancshares stock during the Settlement Class Period request exclusion from the Settlement Class.

8.  The Settlement Agreement anticipates that the $4,418,000 Settlement Fund will be distributed to members of the Settlement Class in accordance with the Plan of Allocation attached hereto as Exhibit B after payment of attorneys' fees along with the Plaintiffs' costs and expenses as permitted by 15 U.S.C. § 78u-4(a)(4) and other litigation and administrative costs and expenses as approved by the Court. The Plan of Allocation provides for class members to receive a per-share recovery weighted in accordance with their purchase price, as reported on a claim form returned by class members and corroborated by CIB's records.

9.  Upon the Settlement Agreement becoming final, the Defendants and other "Released Parties" shall be released from any and all class members' claims arising out of the purchase of CIB common stock during the class period as set forth in the Settlement Agreement.

10. The Settlement Agreement further provides for a bar order to be entered precluding and enjoining Plaintiffs, Settlement Class Members, Defendant CIB, the individual defendants and the other released parties from asserting any claims released pursuant to the Settlement Agreement, and precluding all others from asserting claims for contribution as to such claim against the Released Parties.

11. Finally, the Settlement Agreement allows any party to terminate the agreement if a Fairness Hearing cannot be held in this matter by December 5, 2008.

**Notice and Administration**

12. Plaintiffs and Defendants propose that by October 3, 2008, Class Counsel shall cause an Official Notice and Claim Form, subject to Court approval, to be sent to all individuals that CIB's records reflect were issued CIB common stock certificates between January 21, 2000 through April 12, 2004.

13. Plaintiffs and Defendants propose that by October 3, 2008, Class Counsel shall cause a Publication Notice, subject to Court approval, to be published in one edition each of the following publications: The Milwaukee Journal Sentinel, The Peoria Journal Star, The News Gazette (in Champaign-Urbana, Illinois), the Herald & Review (in Decatur, Illinois), the State Journal Register (in Springfield, Illinois), the Pantagraph (in Bloomington-Normal, Illinois), and the Vero Beach (FL) Press Journal.

14. Proposed forms for the Official Notice, Publication Notice, and Claim Form are attached as Exhibits 1, 2 and 3 respectively to the proposed order attached hereto as Exhibit C.

15. Following entry of the order of preliminary approval, Plaintiffs and Defendants propose that Class Counsel shall establish a website or add a page to the Phebus and Koester website for purposes of (i) publishing the court-approved official Notice and Claim Forms and

the terms of the proposed Settlement, and (ii) submission of inquiries and correspondence regarding the Settlement. The notice also provides the telephone number of Class Counsel who shall be available for inquiries regarding the Settlement.

16. According to the terms of the Settlement Agreement, Class Counsel shall retain a Class Administrator, who shall assist in arranging for the notice to the Settlement Classes and administration of payment of claims under the terms of the settlement. The costs and fees charged by the administrator shall be considered costs of settlement administration under the terms of the Settlement Agreement.

17. The Settlement Agreement allows Class Counsel to petition the Court on or before the date set by the Court for filing of the Motion for Final Approval of the Settlement for a just and appropriate award of attorneys' fees and settlement administration costs incurred on behalf of the Settlement Classes, as well as the payment to certain named plaintiffs of reasonable costs and expenses relating to their representation of the class in this case as permitted by 15 U.S.C. § 78u-4(a)(4). Defendants have agreed not to object to an award of attorneys' fees at or below one-third of the gross recovery, to an award of reasonable costs and expenses of litigation including the Claims Administrator's fees and expenses, or to an award of costs and expenses to Plaintiffs fees of no more than $3,000 each, with a couple to receive but one award.

**Legal Authority Supporting Preliminary Approval**

18. The Manual for Complex Litigation, Fourth (2005) ("Manual") summarizes the framework for the district court's preliminary evaluation of a proposed class action settlement:

> Review of a proposed class action settlement generally involves two hearings. First, Counsel submit that the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations

> by parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23 (a) and at least one of the subsections of Rule 23 (b) . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.* § 21.632; *see also* 4 *Newberg on Class Actions* § 11.25, at 38-39 (4th ed. 2000).

19. The purpose of preliminary approval is to determine whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing as required by Federal Rule of Civil Procedure 23(e). *Armstrong v. Board of School Directors of the City of Milwaukee,* 616 F.2d 305, 314 (7th Cir.1980), *overruled on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir.1998).

20. At the fairness hearing, the settlement must be examined to determine whether it is "fair, reasonable, and adequate." *Agretti v. ANR Freight System, Inc.,* 982 F.2d 242, 247 (7th Cir.1992). In reviewing the proposed settlement, the Court should consider that Federal courts favor the settlement of class actions. *See, e.g., Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir.1996). Moreover, the proposed settlement need only be "within the range of possible approval" for the Court to profess to the fairness hearing. *In re General Motors Corp. Engine Interchange Litig.,* 594 F.2d 1106, 1124 (7th Cir.1979).

21. Plaintiffs and Defendants respectfully submit that the Settlement Agreement should be preliminarily approved. It is a fair settlement, it was negotiated by experienced counsel for Plaintiffs and Defendants at arms' length, and settlement was achieved only after a full day of mediation involving the Court's participation. Settlement of this case is reasonable in view not only of the ordinary risks of litigation, but also of the real possibility that Defendants would be unable to pay an award to class members following more protracted litigation. In

keeping with the judicial policy favoring settlement of class action cases, and the presumption of fairness that attaches to settlements with these characteristics, this Court should grant preliminary approval to the Settlement.

22. The requirements for conditional certification are also met here. The Court's discretion under Rule 23(d) encompasses the preliminary approval of proposed settlements and preliminary certification of classes for settlement purposes. 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*,, § 11.27, at 57 n. 41 (4th ed. 2002).

**The Notice Plan Satisfies the Requirement of Rule 23 and Due Process**

23. For an asserted Rule 23(b)(3) class, appropriate notice must be directed to class members. The notice required is the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *See* Fed.R.Civ.P. 23(e)(1)(B) ("[the] court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement . . . ."). In addition, the notice must concisely and clearly state in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3). *See* Fed.R.Civ.Pro. 23(c)(2)(B).

24. In addition, the provision of the Private Securities Litigation Reform Act codified at, 15 U.S.C. § 78u-4, imposes additional requirements upon any notice of a settlement of a securities class action. In particular, it requires express disclosures of settlement terms to class members, including statements concerning the amount of the settlement, the potential outcome of

the case, the attorneys fees sought by the settling parties and their counsel, identification of lawyers' representatives who can be contacted for further information, and a statement of the reasons for settlement. *See* 15 U.S.C. § 78u-4(a)(7).

25. Plaintiffs and Defendants submit that the notice program and forms of notice provided for in the Settlement Agreement and attached hereto satisfy these requirements. The Settlement Agreement provides for the Official Notice and Claim Form to be sent to all persons who CIB's records identify as having been issued stock certificates during the Settlement Class Period. Additional notice will be provided by publication. In addition, copies of the Settlement Agreement and the Official Notice and Claim Form will be posted on Class Counsel's website. This is consistent with the requirements of Rule 23. *See, e.g.*, Moore's Federal Practice (3d. Ed. 2003) at 23.63[8][a] ("notice of the class action normally is sent to identified individual class members by first-class mail"); *see also Id*. at 23.63[8][b] ("publication of notice is often the best notice practicable for class members who cannot be identified or located specifically through reasonable efforts"); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-77 (1974) (due process is satisfied by mailed notice to all class members who reasonably can be identified).

26. The parties submit that the content of the proposed Notice complies with the requirements of Rule 23(c)(2)(B). The proposed forms of Notice clearly state the nature of the action and who is included within the definition of the proposed Settlement Classes. They explains the nature of the action and tells members of the settlement classes of their rights and options as class members. Specifically, they are informed that their interests will be represented by Class Counsel, although they may enter an appearance through their own counsel at their own expense. They are informed that they may request to be excluded from the Settlement Classes and the legal ramifications of doing so. They are informed that Class Counsel may be awarded

attorneys fees and reimbursement of expenses, and that Class Counsel intends to seek $$1,507,667 toward payment of settlement administration costs and attorneys fees, and how members of the Settlement Classes can object to this and other features of the Settlement. The Notice also explains the binding effect of a class judgment.

27. Finally, the Official Notice mailed to class members satisfies the PSLRA, providing the requisite and conspicuous disclosures of settlement terms, the amount of the settlement, the potential outcome of the case, the attorneys fees sought by the settling parties and their counsel, the lawyers' representatives who can be contacted for further information, and the reasons for settlement.

## CONCLUSION

For the foregoing reasons, Plaintiffs and Defendants jointly request that the Court enter the proposed form of order preliminarily approving the settlement, conditionally certifying the Settlement Classes for settlement purposes, and approving the Notice and notice program here proposed.

Dated: September 24, 2008

Respectfully submitted,

s/ Joseph W. Phebus
**Joseph W. Phebus**
Phebus & Koester
136 W Main St
Urbana, IL 61801
Lead Counsel and
Counsel for Plaintiffs Dennis Lewis, Mark Selvaggio, Mary Selvaggio, Anthony Selvaggio, Gary Nevins, Michelle Nevins, James R. Schuett, Doris Alton, Bernie Myler, Linda Myler, James Hausman, and Steven E. Morgan

s/ Allan Horwich
**Allan Horwich**
**Heidi Dalenberg**
**John C. Martin**
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Dr.
Chicago, IL 60606
Counsel for Defendant
CIB Marine Bancshares, Inc.

s/ Richard T. Greenberg
**Richard T. Greenberg**
**Angelo M. Russo**
McGuireWoods LLP
77 W Wacker Dr - Ste 4100
Chicago, IL 60601-1815
Counsel for Defendant Donald Straka

s/ Cristina D. Hernandez-Malaby
**Cristina D. Hernandez-Malaby**
**W. Stuart Parsons**
**Natalie G. Maciolek**
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202-4497
Counsel for Defendants Donald M. Trilling, W. Scott Blake, Howard E. Zimmerman, Norman E. Baker and for the Estate of Jose Araujo

s/ David W. Goewey
**David W. Goewey**
**Mara B. Zusman**
Venable LLP
Terrell Place
575 7th St NW
Washington, DC 20004-1601
Counsel for Defendant John Michael Straka

s/ Bennett W. Lasko
**Bennett W. Lasko**
**Justin O. Kay**
Drinker Biddle & Reath LLP
191 N Wacker Dr - Ste 3700
Chicago, IL 60606-1698
Counsel for Defendant Dean M. Katsaros

s/ Howard A. Pollack
**Howard A. Pollack**
**John L. Kirtley**
Godfrey & Kahn SC
780 N Water St
Milwaukee, WI 53202-3590
Counsel for Defendant Steven Klitzing

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| DENNIS LEWIS et al<br><br>*On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs<br><br>v.<br><br>JOHN MICHAEL STRAKA et al.<br><br>Defendants. | Case No. 05-cv-1008 (LA)<br><br>Judge Lynn Adelman |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September, 2008, the undersigned counsel caused to be electronically filed the parties' Joint Motion for Preliminary Approval with the Clerk of Court using the CM/ECF system which will send notification of such to all persons on the attached service list.

/s John C. Martin

John C. Martin
***Attorney for Defendant CIB Marine Bancshares, Inc.***
SCHIFF HARDIN LLP
6600 Sears Tower, 233 South Wacker Drive
Chicago, IL 60606-6473
Phone: (312) 258-5500
Fax: (312) 258-5600
E-mail: jmartin@schiffhardin.com

<u>**SERVICE LIST**</u>

**Joseph W. Phebus**
**Daniel J. Pope**
Phebus & Koester
136 W Main St
Urbana, IL 61801
Email: jwphebus@phebuslaw.com
dpope@phebuslaw.com

**Richard T. Greenberg**
**Angelo M. Russo**
McGuireWoods LLP
77 W Wacker Dr - Ste 4100
Chicago, IL 60601-1815
Email: rgreenberg@mcguirewood.com
arusso@mcguirewoods.com

**James W. Gardner**
**Peggy A. Lautenschlager**
**Douglas J. Phebus**
Lawton & Cates SC
10 E Doty St - Ste 400
PO Box 2965
Madison, WI 53701-2965
Email: jgardner@lawtoncates.com
plautenschlager@lawtoncates.com
dphebus@lawtoncates.com

**W. Stuart Parsons**
**Cristina D. Hernandez-Malaby**
**Natalie G. Maciolek**
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202-4497
Email: wsp@quarles.com
chernand@quarles.com
natalie.maciolek@quarles.com

**Thomas Leiter**
**Samuel B. Zabek**
The Leiter Group
309A Main St
Peoria, IL 61602
Email: tleiter@leitergroup.com
szabek@leitergroup.com

**David W. Goewey**
**Mara B. Zusman**
Venable LLP
Terrell Place
575 7th St NW
Washington, DC 20004-1601
Email: dwgoewey@venable.com
mbzusman@venable.com

**Kristi L. Browne**
The Patterson Law Firm
33 N LaSalle St
Chicago, IL 60602
Email: kbrowne@pattersonlawfirm.com

**Bennett W. Lasko**
**Justin O. Kay**
Drinker Biddle & Reath LLP
191 N Wacker Dr - Ste 3700
Chicago, IL 60606-1698
312-569-1174
Fax: 312-569-3174
Email: Bennett.lasko@dbr.com
Justin.kay@dbr.com

**Howard A. Pollack**
**John L. Kirtley**
Godfrey & Kahn SC
780 N Water St
Milwaukee, WI 53202-3590
Email: hpollack@gklaw.com
jkirtley@gklaw.com