IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION



SEP 30 2008

DENNIS LEWIS, MARK SELVAGGIO,
MARY SELVAGGIO, ANTHONY
SELVAGGIO, GARY NEVINS, MICHELE
NEVINS, JAMES R. SCHUETT, HARRY
ALTON, DORIS ALTON, BERNIE MYLER,
LINDA MYLER, JAMES HAUSMAN, and
STEVEN E. MORGAN

*On behalf of themselves and all others
similarly situated,*

        Plaintiffs

    v.

JOHN MICHAEL STRAKA, DONALD
STRAKA, STEVEN KLITZING, DONALD
M. TRILLING, DEAN M. KATSAROS, W.
SCOTT BLAKE, HOWARD E.
ZIMMERMAN, NORMAN E. BAKER, JOSE
ARAUJO and CIB MARINE BANCSHARES,
INC.,

        Defendants.

Case No. 05-cv-1008 (LA)

Judge Lynn Adelman

## ORDER OF PRELIMINARY APPROVAL

Lead Plaintiff Dennis Lewis and plaintiffs Mark Selvaggio, Mary Selvaggio, Anthony Selvaggio, Gary Nevins, Michelle Nevins, James R. Schuett, Doris Alton, Bernie Myler, Linda Myler, James Hausman, and Steven E. Morgan (collectively "Plaintiffs") and Defendants CIB Marine Bancshares, Inc. ("CIB"), J. Michael Straka, Donald Straka, Steven Klitzing, Donald M. Trilling, Dean M. Katsaros, W. Scott Blake, Howard E. Zimmerman, Norman E. Baker and the Estate of Jose Araujo ("Defendants"), by and through their respective counsel, have jointly moved for preliminary approval of a proposed settlement of the claims asserted against Defendants in this action on a class-wide basis pursuant to Rule 23(e) of the Federal Rules of

Civil Procedure. The Court has been provided with a copy of the parties' proposed Stipulation and Agreement of Settlement (the "Settlement Agreement") including the proposed forms of Notice described below, a proposed Plan of Allocation of Net Settlement Fund (the "Plan of Allocation"), a proposed form of the Proof of Claim and Release, and a proposed form of Order and Final Judgment relating to the Settlement (all of which are attached hereto), and the parties have been given an opportunity to be heard.

Based on the Court's review of the proposed Settlement Agreement and the submissions of the parties, the Court has determined as follows:

A. For purposes of this Order, the Court adopts the defined terms as set forth in the Settlement Agreement, unless expressly defined otherwise in this Order.

B. The Court finds preliminarily and for purpose of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied. Accordingly, this action (the "Action") is conditionally certified for settlement purposes only and for purposes of effectuating the proposed Settlement, as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed Settlement Class: All persons and entities who purchased common stock of CIB Marine Bancshares, Inc. during the period between January 21, 2000 and April 12, 2004, inclusive (including those who acquired CIB stock in exchange for stock in Citrus Financial Services, Inc. or another corporation) EXCEPT the Defendants, members of their immediate families, any entity in which any Defendant had a controlling interest, and the legal representatives, heirs, controlling persons, successors, predecessors in interest or assigns of any Defendant.

C. Lead Plaintiff Dennis Lewis is preliminarily and for purposes of the Settlement only certified as class representative and Joseph W. Phebus (lead counsel) and Daniel Pope of Phebus & Koester, Douglas J. Phebus and Peggy Lautenschlager of Lawton & Cates, Thomas Leiter and Samuel B. Zabek of The Leiter Group, and Kristi L. Browne of The Patterson Law Firm PC are, preliminarily and for purpose of the Settlement only, appointed as class counsel.

D. The proposed Settlement and the Plan of Allocation attached thereto are preliminarily determined to be fair, reasonable, and adequate and are preliminarily approved pending a final hearing on the Settlement.

E. The Court grants preliminary approval to creation of the Settlement Fund as provided for by the Settlement Agreement and deposit of the Settlement Fund with Marshall & Ilsley Bank, One West Main Street #1, Madison, Wisconsin 52703.

F. The proposed methods of notice described in the Settlement Agreement and the forms of such Notice attached hereto as Exhibits 1 and 2 constitute the best notice practicable under the circumstances and are fair, reasonable, and adequate and consistent with the requirements of Due Process, the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act. Accordingly:

> By October 3, 2008, Class Counsel shall cause Notice of the proposed Settlement, substantially in the form attached hereto as Exhibit 1 to be mailed by first class mail, postage prepaid, to each member of the Settlement Class as can be identified from the records of CIB or, if such address is unavailable, to such transfer agent or broker who otherwise may be identified through further reasonable effort. All nominees holding CIB stock for beneficial owners are directed to forward copies of the Notice to such beneficial owners or, in the alternative, to supply the names and addresses of such beneficial owners to the Claims Administrator identified in Paragraph F, below, within five business days of receiving such Notice, and may seek reimbursement of any reasonable and necessary costs of copying and mailing from the Settlement Fund.
>
> By October 10, 2008, Class Counsel shall cause a Summary Notice of the proposed Settlement, substantially in the form attached hereto as Exhibit 2 to be

published once in each of the papers set forth in Paragraph 6 of the Settlement Agreement.

G. In order to be excluded from the Settlement Class and maintain the right to sue one or more of the Released Parties on the Released Claims, persons in the Settlement Class must send a letter requesting exclusion from the Class and include the information described in the Notice. All requests for exclusion must be postmarked no later than November 14, 2008, and must be sent to the Claims Administrator, First Class, Inc., via first-class mail, at the below address:

First Class, Inc.
5410 West Roosevelt Road
Unit 222
Chicago, Illinois 60644-1570

H. Pursuant to Paragraph 34 of the Settlement Agreement, CIB has reserved a right to terminate the Settlement Agreement if either (i) Settlement Class Members who purchased, in the aggregate, 100,000 shares or more of CIB Marine Bancshares Stock between January 21, 2000 and April 12, 2004 (exclusive of John Ruedi) or (ii) any individual Settlement Class Member (exclusive of John Ruedi) or affiliated Settlement Class Members who purchased in excess of 25,000 shares of CIB Marine Bancshares stock during the Settlement Class Period, have requested exclusion from the Settlement Class. If CIB elects to withdraw from the proposed Settlement pursuant to that provision, CIB shall notify the Court and all counsel of record of its decision no later than November 21, 2008; provided, however, that this Paragraph shall not limit CIB's right to withdraw from the proposed Settlement for any other reason provided for in the Settlement Agreement.

I. On or before November 21, 2008, the parties shall jointly move for final approval of the proposed Settlement, and shall submit any papers in support of the proposed Settlement or

the Plan of Allocation, and Plaintiff's Counsel shall submit their application for an award of attorneys' fees, Plaintiffs' costs and expenses, and other costs and expenses.

J. A Fairness Hearing shall be held to consider whether (1) the Settlement should be approved as fair, reasonable and adequate to the Settlement Class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure; (2) the Plan of Allocation is fair and reasonable and should be approved; and (3) Plaintiffs' Counsel's application for an award of attorneys' fees, Plaintiffs' costs and expenses, and other costs and expenses should be approved, in whole or in part. The Fairness Hearing shall take place on November 25, 2008, commencing at 1:30 p.m. Central Standard Time in Room 390 of the United States District Courthouse for the Eastern District of Wisconsin, Milwaukee Division, located at 517 East Wisconsin Avenue, Milwaukee, WI 53202.

K. Any Settlement Class Member may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate; why judgment should or should not be entered thereon; why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate; why Plaintiffs' Counsel should or should not be awarded attorneys' fees and reimbursement of expenses in the amounts sought by Plaintiffs' Counsel or why Plaintiffs should not be awarded their costs and expenses in the amounts sought by Plaintiffs' Counsel; provided, however, that no Settlement Class Member shall be permitted to intervene or be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the proposed Plan of Allocation, or Plaintiffs Counsel's application for an award of attorneys' fees and reimbursement of expenses, unless such Class member has, by November 14, 2008, filed a written objection with the Clerk of the United States District Court for the Eastern

District of Wisconsin, 362 United States District Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202, which shall include (i) the objector or petitioner's full name and address and the name and address of their counsel, if any; (ii) a statement of each objection being made; (iii) a detailed description of the facts underlying each objection; (iv) the specific legal authorities underlying each objection, if any; (v) whether the objecting individual intends to appear at the Fairness Hearing and (vi) if so, a list of witnesses who may be called to testify at the Fairness Hearing, either live or by deposition or affidavit, if any, and a list of exhibits, along with copies of the exhibits, that the objector may offer during the Fairness Hearing.

L. Any Settlement Class Member may petition the Court to intervene in the action and appear in that capacity at the Fairness Hearing; provided, however, that no Settlement Class Member may seek to intervene unless such Class member has, by November 14, 2008, filed a written petition to intervene with the Clerk of the United States District Court for the Eastern District of Wisconsin, 362 United States District Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202, which must set forth the specific bases pursuant to which intervention is sought, must state any facts supporting the petition, and present any evidence to be introduced in support of the petition and must be supported by a memorandum of law citing all authorities relied upon in support of the petition.

M. Any such objection or petition to intervene (and any papers filed therewith) shall also be served by hand or first-class mail on the following by November 14, 2008:

> Joseph W. Phebus
> (If by mail)
> Phebus & Koester
> P.O. Box 1008
> Urbana, Illinois 61803
>
> (If by hand delivery)
> Phebus & Koester
> 136 West Main St.

Urbana, IL 61801

Allan Horwich
Heidi Dalenberg
Schiff Hardin LLP
233 South Wacker Dr.
Chicago, Illinois 60606-6473

Plaintiffs and Defendants shall have until November 21, 2007 to file their responses, if any, to any properly-submitted objections.

N. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Plan of Allocation, the Order and Final Judgment to be entered approving the Settlement, or Plaintiffs' Counsel's application for an award of attorneys' fees, Plaintiffs' costs and expenses, and other costs and expenses.

O. Pending the Fairness Hearing, filing or other prosecution by any Settlement Class Member of any Released Claim against any of the Released Parties is hereby enjoined.

P. The Court shall retain continuing jurisdiction over the Settlement as well as the administration thereof.

IT IS SO ORDERED.

ENTERED this 30 day of September, 2008

By:_____
THE HONORABLE LYNN ADELMAN,
UNITED STATES DISTRICT JUDGE

Exhibit C-1—Mailed Notice

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF WISCONSIN

IF YOU BOUGHT STOCK IN CIB MARINE BANCSHARES, INC. BETWEEN JANUARY 21, 2000

AND APRIL 12, 2004, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will create a settlement fund of $4,418,000 (approximately 88 cents per eligible share if claims are submitted for each share believed to be eligible, less the expenses noted below) to pay claims from investors who bought shares of CIB Marine Bancshares ("CIB") during the period between January 21, 2000 and April 12, 2004.

- The settlement resolves a lawsuit over whether CIB and certain of its officers and directors misled investors by misrepresenting or omitting relevant financial information in public reports, in private placement offerings and in other communications to investors. It also avoids costs and risks to you from continuing the lawsuit; pays money to investors like you; and releases CIB and its directors, officers and employees from liability.

- **Notice to Nominees.** Within five days from receipt of this Notice, nominees holding CIB shares for the benefit of others are instructed to forward a copy of this notice and the accompanying Claim Form to each beneficial owner or alternatively to supply the names and current addresses of all such beneficial owners to the Settlement Administrator.

- Court-appointed lawyers for investors will ask the Court for attorneys' fees of $1,472,667 (approximately 29 cents per eligible share) and for expenses of litigation, administrator's fee and class representatives' fees, all totaling approximately $55,000 (approximately 1 cent per eligible share). These fees and expenses will be deducted from the settlement fund.

- The two sides disagree on how much money could have been won if investors won a trial.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against CIB about the legal claims in this case. |
| OBJECT | Write to the Court about why you do not like the settlement |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement |
| DO NOTHING | Get no payment. Give up rights |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice package?

You are receiving this notice because, based on CIB's records and other information, you or someone in your family is believed to have purchased shares of CIB common stock between January 21, 2000 and April 12, 2004.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Eastern District of Wisconsin, and the case is known as *Lewis, et al. v. CIB Marine Bancshares, Inc. et al*, No. 05-cv-1008. The people who sued (Dennis Lewis, Mark Selvaggio, Mary Selvaggio, Anthony Selvaggio, Gary Nevins, Michelle Nevins, James R. Schuett, Harry Alton, Doris Alton, Bernie Myler, Linda Myler, James Hausman, and Steven E. Morgan) are called Plaintiffs, and the company and the people they sued (CIB and Jose Araujo, J. Michael Straka, Donald Straka, Steven Klitzing, Donald M. Trilling, Dean M. Katsaros, W. Scott Blake, Howard E. Zimmerman, and Norman E. Baker) are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claims that the Defendants intentionally misrepresented and/or omitted relevant financial information about CIB in public reports, in private placement offerings and in other communications, and that when the true facts became known, the value of shares of stock in CIB was substantially reduced. The Defendants deny that they did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Plaintiffs) sue on behalf of people who have similar claims. If the requirements for a class action are met, the people who have claims similar to those of the Class Representatives are a Class, or Class Members.

Here, the Court has not yet determined whether this case can proceed as a class action for all purposes. However, the Court has preliminarily determined that the case may proceed as a class action with respect to the Settlement, and that the case may be settled on behalf of a Settlement Class. The Court's approval of the Settlement with Defendants will resolve the issues for all Settlement Class Members for their claims against the Defendants and other "Released Parties" related to Defendants.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won between $10 and $15 per eligible share. The Defendants think the Plaintiffs would not have won anything from a trial, could not have recovered on behalf of other CIB shareholders, and would have received at best an average of 50 cents per eligible share (not including any reduction for fees or other costs) if they prevailed on all claims. But there was no trial. Instead, both sides agreed to a settlement after discussions supervised by U.S. District Judge Lynn Adelman, who is in charge of this action. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Settlement Class Members, both in view of the uncertainties of litigation and CIB's ability to pay an award of damages.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Settlement Class Member.

### 5. How do I know if I am part of the settlement?

Judge Adelman has preliminarily decided that everyone who fits this description is a Settlement Class Member who may participate in this Settlement: *All people who purchased shares of common stock in CIB Marine Bancshares, Inc. during the period between January 21, 2000 and April 12, 2004.* Settlement Class Members do not include people who acquired CIB stock as a gift or bequest, but do include people who acquired CIB stock in exchange for stock in Citrus Financial Services, Inc. or another corporation.

### 6. Are there exceptions to being included?

You are not a Settlement Class Member if you are an officer or director of CIB, or were one during the period between January 21, 2000 through April 12, 2004. Also, immediate family members of CIB officers and directors are not in the class.

### 7. I am still not sure if I am included.

If you still are not sure whether you are included, you can ask for free help. You can call class counsel who are listed by name and number in paragraph 24 below for more information. Or you can fill out and return the claim form described in question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the Settlement provide?

CIB and its insurer have agreed to create a fund of $4,418,000.00. Plaintiffs' lawyers are requesting that one-third of that amount plus all out-of-pocket expenses incurred in pursuing the litigation -- including expenses resulting from the administration of this settlement, such as those of the mailing of notice, processing of claims and mailing of checks -- be paid from that fund. After attorneys fees and administrative expenses are deducted from the fund, the remaining money (the "Net Settlement Fund") will be divided among all Settlement Class Members who send in a valid claim form.

### 9. How much will my payment be?

Your share of the Net Settlement Fund will depend on the price you paid for CIB stock and the number of shares purchased by you and by each of the other claimants who timely submit a valid claim form. (It does not matter if you sold your CIB stock). It is estimated there are approximately 5,000,000 shares of eligible stock. Assuming that fees and expenses are awarded as described in question 17, the Net Settlement Fund available for distribution to the Settlement Class Members who have submitted timely claim forms will be approximately $2,890,333. Accordingly, if every eligible Settlement Class Member submits a claim form, the average payment will be approximately 58 cents for each share bought between January 21, 2000 and April 12, 2004 ($2,890,333 divided by 5,000,000 shares). The number of claimants who send in claims varies widely from case to case. If fewer than 100% of the Settlement Class sends in a claim form, you could get more money.

**The amount of payment made per share will be prorated based on the amount you paid for the shares and the amount other claimants paid for their shares.**

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

To qualify for a payment, you must send in a claim form. A claim form is attached to this notice. You can also get claim forms on the Internet at www.phebuslaw.com. Read the instructions on the claim form carefully, fill out the form as directed, and include all the documents and information that the form asks for. You must fully complete the form for each claim you make and sign it, and mail it postmarked no later than **November 14, 2008**. Claims that are submitted after that date will not be paid.

### 11. When would I get my payment?

The Court will hold a hearing on November 25, 2008, to decide whether to approve the settlement. If Judge Adelman approves the settlement after that, there may be appeals. It is always uncertain how such appeals will be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement. Please be patient.

### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against any of the Defendants about the matters raised in this case. It also means that all the Court's orders about the settlement will apply to you and legally bind you.

Specifically, if you sign the claim form or do not exclude yourself from the settlement, you agree to a full release of "Settled Claims" against "Released Parties." "Settled Claims" means any and all claims (specifically including any claims of which you are

not presently aware) that were asserted or that could have been asserted based on the allegations of the Consolidated Complaint that was filed in this litigation or that otherwise arise from or relate to any purchase of CIB common stock (including any acquisition of CIB stock in exchange for stock in Citrus Financial Services, Inc. or another corporation) during the period between January 21, 2000 through April 12, 2004. "Released Parties" means CIB Marine Bancshares, Inc., its present and former directors, officers, employees, parents, subsidiaries, predecessors and successors, KPMG, LLP and Progressive Casualty Company (including their respective present and former directors, officers, employees, partners, parents, subsidiaries, predecessors and successors), and the individual defendants listed in Paragraph 1 and their personal or legal representatives, spouses, immediate family members, heirs, predecessors, successors, and assigns, and any trusts which an individual defendant is the settlor of or which is for the benefit of any individual defendants' family.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants on your own about the claims made in the case, then you must take steps to get out. This is called excluding yourself, or is sometimes referred to as opting out of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the *Lewis, et al. v. CIB Marine Bancshares, Inc. et al,* lawsuit. Be sure to include your name, address, telephone number, your signature, and the number of shares your purchased between January 21, 2000 and April 2004. You must mail your exclusion request postmarked no later than **November 14, 2008** to:

First Class, Inc.
5410 West Roosevelt Road, Unit 222
Chicago, Illinois 60644-1478.

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by the settlement. You may be able to sue Defendants in the future.

In addition, if Settlement Class Members who purchased, in the aggregate, more than 100,000 CIB shares between January 21, 2000 and April 12, 2004 or any single Settlement Class Member and affiliated Settlement Class Members who purchased 25,000 CIB shares between January 21, 2000 and April 12, 2004 opt out of the Settlement Class, CIB has the discretion to cancel the settlement, and no one will be bound by the settlement.

### 14. If I do not exclude myself, can I sue CIB or the other Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **November 14, 2008**.

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But you may sue, continue to sue, or be part of a different lawsuit against CIB and the other Defendants.

# THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

Joseph W. Phebus and Daniel Pope of Phebus & Koester, Douglas J. Phebus and Peggy Lautenschlager of Lawton & Cates, Thomas Leiter and Samuel B. Zabek of The Leiter Group, and Kristi L. Browne of The Patterson Law Firm P.C. are counsel for Plaintiffs and have been preliminarily approved as counsel for members of the Settlement Class. Those lawyers are called Class Counsel, and they represent you if you are a member of the Class. Except as described in question 17, you will not be separately charged for these lawyers. If you want to be represented by a different lawyer of your own, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court to award one third of the total amount paid by Defendants and their

insurer in the Settlement (approximately $1,472,667) as attorneys' fees. In addition, they will ask for all out-of pocket expenses incurred in pursuing the litigation including the court fees and costs, fees and expenses incurred by each class representative and for the expenses of administration of the settlement by the Claims Administrator, all of which plaintiffs' counsel estimates to not be more than $55,000.00. Class Counsel anticipate requesting a total award of $1,527,667 (31 cents per eligible share) in fees, costs, claims administrator's fees, and class representatives' costs and expenses from the Court, and the award will be paid from the total amount paid by Defendants and their insurer. Plaintiffs' counsel believes this award to be appropriate because of the risks of litigation and the risks as to the defendants' ability to pay a judgment undertaken by the attorneys in that they would receive no fee and recover no expenses if the suit was not successful, as well as in view of the amount of work performed by the attorneys and the recovery obtained. The Court may award less than these amounts, but Defendants will not object to fees and expenses up to that amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18. How do I tell the Court that I do not like the settlement?

If you are a member of the Settlement Class, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written objection with the Court and provide copies of your objection to counsel for the parties. Any written objection should include (i) your full name and address and the name and address of your counsel, if any; (ii) a statement of each objection being made; (iii) a detailed description of the facts underlying each objection; (iv) the specific legal authorities underlying each objection, if any; (v) whether you intend to appear at the Fairness Hearing described in question 20 and (vi) if so, a list of any witnesses whom you may call to testify at the Fairness Hearing and a list of any exhibits that you may offer during that hearing (along with copies of those exhibits). Mail the objection to these three different places, postmarked no later than **November 14, 2008**:

| Court |
|---|
| Clerk of the Court |
| United States District Court for the |
| Eastern District of Wisconsin |
| 362 United States District Courthouse |
| 517 East Wisconsin Avenue |
| Milwaukee, WI 53202 |

| Class Counsel |
|---|
| Phebus & Koester |
| P.O. Box 1008 |
| Urbana, Illinois 61803 |

| Defense Counsel |
|---|
| Allan Horwich |
| Heidi Dalenberg |
| Schiff Hardin LLP |
| 233 South Wacker Drive |
| Chicago, Illinois 60606-6473 |

If your objection is late, it will not be considered.

### 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class, and if your objection is overruled, you will be bound by the settlement (including the release of claims), though you may also recover if you submitted a Claim Form. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the settlement does not affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on Tuesday, November 25, 2008 at 1:30 p.m. at the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin in Courtroom 362. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve

the settlement. We do not know how long these decisions will take.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Adelman may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend if you have decided to hire one, but it is not necessary.

### 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. Any person who follows the instructions for making an objection to the Settlement, as discussed in Question 18 of this Notice, may ask for permission to speak at the Hearing. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you do nothing, you will get no money from the settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the matters raised in this case, ever again.

## GETTING MORE INFORMATION

### 24. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by visiting the website www.phebuslaw.com or by calling class counsel. Class Counsel can be reached at the below addresses:

- Joseph W. Phebus and Daniel Pope of Phebus & Koester, 136 West Main Street, Urbana, Illinois 61801; telephone: (217) 337-1400.

- Douglas J. Phebus and Peggy Lautenschlager of Lawton & Cates, 10 East Doty Street, Suite 400, Post Office Box 6925, Madison, Wisconsin 53701-2965; telephone: (608) 282-6200.

- Thomas Leiter and Samuel B. Zabek of The Leiter Group, 309-A Main Street, Peoria, Illinois 61602; telephone: (309) 673-2922

- Kristi L. Browne of The Patterson Law Firm PC, 33 North LaSalle Street, Suite 3350, Chicago, Illinois 60602; telephone: (312) 223-1699.

### 25. How do I get more information?

You can call or write class counsel listed in paragraph 24 above or visit the website www.phebuslaw.com where you will find a claim form, the Settlement Agreement, and other information to help you determine whether you are a Class Member, whether you are eligible for payment, and how to submit a claim. **DO NOT contact the Clerk of the Court or the Judge's chambers for additional information.**

Date: October 1, 2008

Exhibit C-2
Publication Notice

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
(Lewis, et al. v. CIB Marine Bancshares, et al.; 05-1008)

To: **All persons who bought stock in CIB Marine Bancshares, Inc. ("CIB") between January 21, 2000 and April 12, 2004.**

You are hereby notified that the Court has given preliminary approval to a proposed settlement of the above lawsuit, which claims that CIB and certain of its present or former officers and directors misled investors by intentionally misrepresenting or omitting relevant financial information about CIB in public reports, in private placement offerings and in other communications. A Fairness Hearing on the settlement is scheduled for November 25, 2008, at 1:30 p.m. at the United States District Courthouse, Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

The settlement would create a settlement fund of $4,418,000 to pay claims from a class of those who purchased CIB stock between January 21, 2000 and April 12, 2004, as well as to pay an award of attorneys' fees and litigation expenses. Attorneys for the class are requesting an award of fees equal to one-third of the amount recovered, plus an award of approximately $55,000 in costs and expenses. If you are a member of this class, you may submit a claim for payment by November 14, 2008. **Whether or not you submit a claim for payment, you will be bound by the terms of the settlement unless you exclude yourself from the class by November 14, 2008.** The settlement agreement, a claim form, and a detailed notice that describes the settlement and provides instructions for objecting to the settlement or excluding yourself from it may be obtained at *www.phebuslaw.com* or by writing to Phebus & Koester, P.O. Box 1008, Urbana, Illinois 61803. **DO NOT contact the Clerk of the Court or the Judge's chambers for additional information.**