IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DENNIS LEWIS, MARK SELVAGGIO, MARY SELVAGGIO, ANTHONY SELVAGGIO, GARY NEVINS, MICHELE NEVINS, JAMES R. SCHUETT, HARRY ALTON, DORIS ALTON, BERNIE MYLER, LINDA MYLER, JAMES HAUSMAN, and STEVEN E. MORGAN<br><br>*On behalf of themselves and all others similarly situated,*<br><br>            Plaintiffs<br><br>v.<br><br>JOHN MICHAEL STRAKA, DONALD STRAKA, STEVEN KLITZING, DONALD M. TRILLING, DEAN M. KATSAROS, W. SCOTT BLAKE, HOWARD E. ZIMMERMAN, NORMAN E. BAKER, JOSE ARAUJO and CIB MARINE BANCSHARES, INC.,<br><br>            Defendants. | Case No. 05-cv-1008 (LA)<br><br>Judge Lynn Adelman |

**OBJECTION TO CLASS ACTION SETTLEMENT OF
CLASS MEMBER, GREATBANK TRUST COMPANY, TRUSTEE
OF CIB MARINE BANCSHARES, INC. EMPLOYEE STOCK OWNERSHIP PLAN**

GreatBanc Trust Company ("GBTC"), as trustee of the CIB Marine Bancshares, Inc. Employee Stock Ownership Plan ("CIB ESOP"), is a class member under the class definition set forth in paragraph 1.(x) of the Stipulation and Agreement of Settlement ("Settlement Stipulation") filed on or about September 24, 2008 in the above-captioned action. As trustee and fiduciary for the CIB ESOP, GBTC hereby objects to paragraph 1.(u) of the Settlement Stipulation, which sets forth the definition of "Settled Claims" and which was adopted pursuant to paragraph A. of the Order of Preliminary Approval. In accordance with the procedures stated

in the Settlement Stipulation, GBTC provides the following information in support of its Objection. GBTC further notes that it has obtained the consent of counsel for all parties to this litigation for the proposed relief sought herein.

I. **NAME AND ADDRESS OF OBJECTOR AND ITS LEGAL COUNSEL.**

Notice of objection to the Settlement Stipulation and Proposed Order and Final Judgment is hereby given by:

> GreatBanc Trust Company ("GBTC")
> 801 Warrenville Road
> Suite 500
> Lisle, IL 60532

GBTC is represented in this matter by legal counsel as follows:

> Pamela G. Smith
> Theresa L. Davis
> Katten Muchin Rosenman LLP
> 525 West Monroe Street, Suite 1900
> Chicago, IL 60661-3693

II. **STATEMENT OF OBJECTION.**

GBTC objects to paragraph 1.(u) of the Settlement Stipulation, which sets forth the definition of "Settled Claims" and which was adopted pursuant to paragraph A. of the Order of Preliminary Approval, because it is overbroad, it contravenes fundamental tenets of ERISA, and it deprives individual CIB ESOP participants – who are not individual members of this class – of basic rights they may have under ERISA.

Counsel for GBTC has consulted with counsel for Defendant, CIB Marine Bancshares, Inc., who, in turn, consulted with counsel for all other parties to this litigation. In order to avoid litigating this issue and to preserve rights that CIB ESOP participants and/or GBTC on their behalf may have under ERISA, all parties to the litigation, through their counsel, have agreed to

modify the final sentence of paragraph H.a. of the Proposed Order Approving Class Settlement and Final Judgment, and/or any final order entered by the Court, to state as follows:

> Excluded from Settled Claims are: (i) the claim of John Ruedi asserted in the Circuit Court of Champaign County, Illinois, in cause no. 04-L-141, which has been separately settled; and (ii) any claim under the Employee Retirement Income Security Act of 1974 ("ERISA") that relates to the purchase, holding or sale of CIB common stock by the CIB Marine Bancshares, Inc. Employee Stock Ownership Plan ( the "ESOP") during the Settlement Class Period; provided, however, that nothing in this paragraph shall be deemed to create or acknowledge the existence or validity of any claim on behalf of the ESOP or any of its participants, or limit any defense to any such claim.

### III. FACTS AND RELEVANT LEGAL AUTHORITIES UNDERLYING THE OBJECTION.

GBTC is the trustee of the CIB ESOP, which is an "employee benefit plan" governed by ERISA. Under Section 8.3(i) of the ESOP, "The Trustee . . . shall have the following powers and authorities, to be exercised in the Trustee's sole discretion:"

> (i) To settle, compromise, or submit to arbitration any claims, debts, or damages due or owing to or from the Plan, to commence or defend suits or legal or administrative proceedings and to represent the Plan in all suits and legal and administrative proceedings

Under ERISA, GBTC is a fiduciary, and must discharge this responsibility, along with its others, in accordance with ERISA's standards of fiduciary duty, including that it act "solely in the interest of the participants and beneficiaries," "for the exclusive purpose of providing benefits to participants and their beneficiaries," and ""with the care, skill, prudence and diligence . . . that a prudent man acting in a like capacity and familiar with such matters would use. . . ." 29 U.S.C. §§ 1104(a)(1)(A) and (B).

The U.S. Department of Labor ("DOL"), which administers Title I of ERISA (which includes the provisions cited above), also provided the following, relevant guidance, discussing whether ERISA claims should be "carved out" of the release in a securities class action:

> [I]n *Great Neck Capital Appreciation Investment Partnership v. PriceWaterhouseCoopers, ...* 212 F.R.D. 400 (E.D. Wisc. 2002), the original securities law class action settlement proposal included release of ERISA claims

> against the fiduciaries of the Harnischfeger employee benefit plans, even though the lawsuit had not alleged ERISA claims. At the fairness hearing, a participant protested that the participants' ERISA claims might be extinguished if this release was approved as part of the settlement. After considering the parties positions, the judge, during a conference call, 'advised the parties that [he] was inclined to view the proposed settlement as unfair if its effect would be to extinguish the Plan participants' ERISA claims without compensation and that it also appeared to be unfair to require Plan participants to give up their right to participate in the settlement as a condition of asserting ERISA claims.' 212 F.R.D. at 406.

68 FR 75636 & n. 6; *see also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 721 (E.D. Pa. 2001) (approving language in a settlement release that provided that the settlement would not affect or extinguish any ERISA claims against the released parties).

In addition, the U.S. Supreme Court held, earlier this year, that individual participants may bring a claim under ERISA for breaches of fiduciary duty that impair the value of plan assets in their individual plan accounts. *LaRue v. DeWolff, Boberg & Assoc., Inc.*, 128 S.Ct. 1020 (2008). While it is not clear that GBTC, as Trustee of the ESOP, could waive such claims on behalf of individual participants, their availability under *LaRue* provides an additional reason to exclude them as Settled Claims.

It is GBTC's understanding that no ERISA claims were made and the Court did not consider any ERISA claims in the litigation which is the subject of the Settlement Stipulation. Consistent with its responsibilities to the ESOP and under ERISA, and with the rights of individual ESOP participants under ERISA, GBTC contends that ERISA claims should be excluded from the definition of "Settled Claims."

## CONCLUSION

For the foregoing reasons and with the agreement of counsel for all parties to the Stipulation and Agreement of Settlement, GBTC respectfully requests the Court allow an

amendment to the definition of "Settled Claims," contained in paragraph H.a. on page 4 of the Proposed Order Approving Class Settlement and Final Judgment, to state as follows:

> "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation or in equity, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown Claims, which arise out of, relate to or are based upon the Action or the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Complaint or which relate in any way to the purchase by any person of CIB common stock during the Settlement Class Period (including the acquisition of CIB stock in exchange for stock in Citrus Financial Services, Inc. or another corporation), and (i) that have been or could have been asserted in the Action by the Plaintiffs or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Settlement Class Members or any of them against any of the Released Parties. Excluded from Settled Claims are: (i) the claim of John Ruedi asserted in the Circuit Court of Champaign County, Illinois, in cause no. 04-L-141, which has been separately settled; and (ii) any claim under the Employee Retirement Income Security Act of 1974 ("ERISA") that relates to the purchase, holding or sale of CIB common stock by the CIB Marine Bancshares, Inc. Employee Stock Ownership Plan ( the "ESOP") during the Settlement Class Period; provided, however, that nothing in this paragraph shall be deemed to create or acknowledge the existence or validity of any claim on behalf of the ESOP or any of its participants, or limit any defense to any such claim.

November 14, 2008                                                        Respectfully Submitted,

                                                            /s/ Pamela G. Smith
Pamela G. Smith
Theresa L. Davis
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, IL 60661-3693
(312) 902-5200
(312) 902-1061
Pamela.smith@kattenlaw.com
Theresa.davis@kattenlaw.com

*Attorneys for Class Member, GreatBanc Trust Company*