**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DENNIS LEWIS, et al.,**

**Plaintiffs,**

**v.** **Case No. 05-C-1008**

**JOHN MICHAEL STRAKA, et al.,**

**Defendants.**

---

## DECISION AND ORDER

On November 25, 2008, after holding a fairness hearing in accordance with Fed. R. Civ. P. 23(e), I signed an order and judgment approving a proposed settlement in the above-captioned class action. On the same day, after I signed the order, lead counsel for plaintiffs took that order to the Clerk of Court's office, presumably so the order would be docketed. The Clerk of Court gave plaintiffs' counsel a copy of the order stamped as a certified copy. For various reasons, however, the order was not entered on the electronic docket until December 1, 2008. Before me now is plaintiffs' Motion for Clarification, seeking an order that the November 25, 2008 order and judgment was "entered" effective November 25, and therefore that all rights to appeal that order expire on December 26, 2008. For the following reasons, I will deny that motion.

The time for filing a notice of appeal from a judgment or order of a district court runs for thirty days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(A). For purposes of Rule 4(a), a judgment or order is "entered" when it is entered in the civil docket under Federal Rule of Civil Procedure 79(a). Fed. R. App. P. 4(a)(7). In the Eastern District of Wisconsin, a judgment or order is "entered" in the docket electronically, and thus the date of entry is the date a judgment or order is electronically docketed. In this case,

the order and judgment in question was entered electronically on December 1, 2008, and thus the time for appeal began to run from that date.

Plaintiffs ask me to issue a nunc pro tunc order purporting to render the order and judgment "entered" for appeal purposes as of November 25, 2008. A court may issue a nunc pro tunc order to correct the record so that it reflects what was actually done but never recorded due to clerical inadvertence. U.S. v. Taylor, 841 F.2d 1300, 1308 (7th Cir. 1988). However, "[t]he office of a nunc pro tunc ('now for then') order is to clean up the records by showing what was previously done with effect from the time done; it is not to alter substantive rights." King v. Ionization Intern., Inc., 825 F.2d 1180, 1188 (7th Cir. 1987). And the Seventh Circuit has classified the right to appeal as a substantive right that cannot be altered by a nunc pro tunc order or judgment. See Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062, 1065-66 (7th Cir. 1992) (finding that the district court's nunc pro tunc judgment could not destroy the parties' legal rights, including the right to appeal). As such, I am without power to grant plaintiffs the relief they request, and I will therefore deny their motion.

In reviewing plaintiffs' motion, however, I have become aware of another issue that must be addressed. The December 1, 2008 entry of the order and judgment in question appears to be incorrect and incomplete. Specifically, it does not include several attachments which were part of the order and judgment I signed on November 25, 2008. Therefore, I will order the Clerk of Court to enter an amended order and judgment including the attachments.[1]

---

[1] The parties should be advised that where a lower court changes a matter of substance, or resolves a genuine ambiguity, in a judgment previously entered, the period within which an appeal must be taken begins to run anew. Federal Trade Commission v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12 (1952). The key question is whether changes to an amended order disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality. Id. at 212.

**Therefore**,

**IT IS ORDERED** that plaintiffs' motion to clarify is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter the amended Order Approving Class Settlement and Final Judgment as directed.

Dated at Milwaukee, Wisconsin this 22 day of December, 2008.

/s
LYNN ADELMAN
District Judge