IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DENNIS LEWIS, MARK SELVAGGIO, MARY SELVAGGIO, ANTHONY SELVAGGIO, GARY NEVINS, MICHELE NEVINS, JAMES R. SCHUETT, HARRY ALTON, DORIS ALTON, BERNIE MYLER, LINDA MYLER, JAMES HAUSMAN, and STEVEN E. MORGAN

*On behalf of themselves and all others similarly situated,*

Plaintiffs

v.

JOHN MICHAEL STRAKA, DONALD STRAKA, STEVEN KLITZING, DONALD M. TRILLING, DEAN M. KATSAROS, W. SCOTT BLAKE, HOWARD E. ZIMMERMAN, NORMAN E. BAKER, JOSE ARAUJO and CIB MARINE BANCSHARES, INC.,

Defendants.

Case No. 05-cv-1008 (LA)

Judge Lynn Adelman

## ORDER APPROVING CLASS SETTLEMENT AND FINAL JUDGMENT

Lead Plaintiff Dennis Lewis and plaintiffs Mark Selvaggio, Mary Selvaggio, Anthony Selvaggio, Gary Nevins, Michelle Nevins, James R. Schuett, Doris Alton, Bernie Myler, Linda Myler, James Hausman, and Steven E. Morgan (collectively "Plaintiffs") and Defendants CIB Marine Bancshares, Inc. ("CIB"), J. Michael Straka, Donald Straka, Steven Klitzing, Donald M. Trilling, Dean M. Katsaros, W. Scott Blake, Howard E. Zimmerman, Norman E. Baker, together with the Estate of Jose Araujo ("Defendants"), by and through their respective counsel, have jointly moved for final approval of a proposed settlement of this action (the "Settlement"). The action was previously certified preliminarily and for purposes of settlement as a class action,

and on November 25, 2008, the Court conducted a Fairness Hearing in accordance with the requirements of Fed. R. Civ. P. 23 as to the Settlement.

NOW, this 25th day of November, 2008, upon consideration of the Joint Motion for Final Approval and the memoranda submitted in connection therewith, IT IS HEREBY ORDERED that the Joint Motion for Final Approval is GRANTED.

Based upon the Court's review of the proposed Stipulation and Agreement of Settlement (the "Settlement Agreement") and the submissions of the parties, and having conducted a hearing on the matter, the Court determines and finds as follows:

A. For purposes of this Order, the Court adopts the defined terms as set forth in the Settlement Agreement, unless expressly defined otherwise in this Order.

B. The Court finds that, with respect to and in view of the Settlement Agreement, the applicable requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied and accordingly certifies this action for settlement purposes only pursuant to Rule 23, on behalf of the following Settlement Class previously conditionally certified herein: All persons and entities who purchased common stock of CIB Marine Bancshares, Inc. during the period between January 21, 2000 and April 12, 2004, inclusive and including those who acquired CIB stock in exchange for stock in Citrus Financial Services, Inc. or another corporation, EXCEPT the individual Defendants, members of their immediate families, any entity in which any Defendant had a controlling interest, and the legal representatives, heirs, controlling persons, successors, predecessors in interest or assigns of any Defendant.

C. For purposes of this Settlement only, Lead Plaintiff Dennis Lewis is certified as class representative for settlement purposes and Joseph W. Phebus (lead counsel) and Daniel J. Pope of Phebus & Koster, Thomas Leiter and Samuel B. Zabek of the Leiter Group, Douglas J.

Phebus and Peggy A. Lautenschlager of Lawton & Cates, and Kristi L. Browne of The Patterson Law Firm PC, are appointed as Class Counsel.

D. The Settlement is hereby approved in accordance with the terms of the Settlement Agreement **except as otherwise set forth herein**. The terms of the Agreement are fair, reasonable, and adequate in view of the factors previously identified by this Court in *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers, LLP.*, 212 F.R.D. 400, 409 (E.D. Wis. 2002).

E. The Court finds that the Plan of Allocation of Net Settlement Fund (the "Plan of Allocation"), a copy of which is attached hereto as Attachment A and which is incorporated herein by reference, is approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.

F. The notice furnished to the members of the Settlement Class was provided in the manner required under the Order of Preliminary Approval and afforded due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and the Plan of Allocation, to all persons entitled to such notice. The notice satisfied the requirements of Due Process and the Federal Rules of Civil Procedure, furnished the best notice to the Settlement Class practicable under the circumstances, and afforded members of the Settlement Class a full and fair opportunity to request exclusion, to object to the proposed Settlement, and to participate in the Fairness Hearing.

G. Each member of the Settlement Class who did not submit timely and proper requests to be excluded from the Settlement Class is bound by this Order and Final Judgment and the Settlement Agreement, including the releases of claims contained therein. All

individuals or entities who submitted timely and proper requests to be excluded from the Settlement Class are identified in Attachment B to this Order.

H.    The Settled Claims against the Released Parties and the Settled Defendants Claims are hereby deemed to be settled, released, discharged and dismissed by virtue of the proceedings herein and this Order and Final Judgment, with those terms defined as follows:

   a. "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation or in equity, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, which arise out of, relate to or are based upon the Action or the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Complaint or which relate in any way to the purchase by any person of CIB common stock during the Settlement Class Period (including the acquisition of CIB stock in exchange for stock in Citrus Financial Services, Inc. or another corporation), and (i) that have been or could have been asserted in the Action by the Plaintiffs or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Settlement Class Members or any of them against any of the Released Parties. Excluded from Settled Claims are: (i) the claim of John Ruedi asserted in the Circuit Court of Champaign County, Illinois, in cause no. 04-L-141, which has been separately settled; and (ii) any claim under the Employee Retirement Income Security Act of 1974 ("ERISA") that relates to the purchase, holding or sale of CIB common stock by the CIB Marine Bancshares, Inc. Employee Stock Ownership Plan (the "ESOP") during the Settlement Class Period; provided, however, that nothing in this paragraph shall be deemed to create or acknowledge the existence or validity of any claim on behalf of the ESOP or any of its participants, or limit any defense to any such claim.

   b. "Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, divisions, joint ventures, officers, and directors, agents, employees, attorneys, advisors, investment advisors, insurers (including specifically Progressive Casualty Insurance Company), co-insurers, reinsurers, controlling shareholders, accountants and auditors (including specifically KPMG, LLP and its affiliates, successors, predecessors, and assigns, present and former partners, principals, members, directors, officers, and employees), and any person, firm, trust, corporation,

officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the personal or legal representatives, spouses, immediate family members, heirs, successors in interest or assigns of the Individual Defendants, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of any Individual Defendant's family.

c. "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation or in equity, including both known claims and unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs or any of the Settlement Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

I. With respect to any and all Settled Claims and Settled Defendants' Claims, Plaintiffs, Defendants and Settlement Class Members shall be deemed to have expressly waived (i) any and all rights or benefits conferred by Section 1542 of the Civil Code of the State of California (which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor") and (ii) any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the Civil Code of the State of California.

J. Plaintiffs and any and all members of the Settlement Class are permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any Settled Claims against the Released Parties, and each of the Defendants, on behalf of themselves and the Released Parties, is permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any of the Settled Defendants' Claims (as those terms are described above).

K. All persons are hereby permanently barred and enjoined from commencing, prosecuting, or asserting the following claims, which are deemed to be discharged: (i) any and all claims against the Released Parties for contribution or indemnity based upon, relating to, or arising out of the Released Claims, the Litigation, or any settlement of the Action and (ii) any other claims, regardless of the legal theory on which such claims may be based (whether in tort or contract, under state or federal law, in equity, or otherwise), that seek to recover from the Released Parties any amounts paid or anticipated to be paid to defend, settle, or satisfy any judgment with respect to any claims, whether asserted or unasserted, and of any kind or description whatsoever, arising out of or relating to the purchase of CIB Common Stock during the Settlement Class Period; *provided, however,* that this bar shall not apply to any action to enforce any claim of indemnity preserved or existing under any agreement between and among Released Parties entered into in connection with the Settlement **and shall not bar any claim otherwise preserved by the ESOP under this order**.

L. Neither the Settlement Agreement, the Settlement, any of their terms and provisions, nor any of the documents or statements referenced in them, nor any act performed or document executed pursuant to or in furtherance of them, shall be or shall be construed in any civil, criminal or administrative action or proceeding to be evidence, an admission, presumption or concession with respect to (i) the truth of any fact alleged by any of party or the validity or deficiency of any claim that has been or could have been asserted in is this action; (ii) any liability, negligence, fault, or wrongdoing by any Defendant; (iii) any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant; or (iv) the amount of any damages suffered by Plaintiffs or the Settlement Class (including that Plaintiffs or the Settlement Class have suffered any damages). *Provided,*

*however,* nothing in this paragraph shall limit the facts, allegations, arguments or evidence that may be considered by this Court or any other court or tribunal having appropriate jurisdiction in any action or proceeding that may be necessary or appropriate to consummate, construe, terminate or enforce the Settlement, Settlement Agreement, or this Order and Final Judgment.

M.  The Court finds that the Complaint and all defenses thereto were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and that all parties and their counsel have complied with each requirement of Rule 11 as to all proceedings and pleadings filed herein.

N.  In accordance with the Plan of Allocation, Plaintiffs' Counsel, together with the Claims Administrator and such additional agents as Plaintiffs' Lead Counsel may select or appoint, are directed and authorized to implement and administer the Settlement in accordance with its terms and provision. Defendants shall have no responsibility for the administration of the Settlement and no person shall have any claim against Defendants with respect to such matters under any circumstances. Defendants' complete and entire responsibility with regard to the Settlement shall be fully and finally discharged upon payments of the CIB Settlement Amount and the Progressive Settlement Amount as provided in the Settlement Agreement.

O.  The petition by class counsel for attorneys' fees and expenses of litigation incurred to date and for Plaintiffs' costs and expenses as set forth in Attachment C is approved and ordered to be paid from the Settlement Fund.

P.  Prior to distribution of the Net Settlement Fund to Authorized Claimants, Plaintiffs' Lead Counsel shall present for approval by the Court a final accounting of the receipts to and disbursements from the Settlement Fund and the proposed distribution of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation and as set

forth in Paragraph 31 of the Settlement Agreement. No distribution of the Settlement Fund shall be made (i) prior to the time that this order shall become "Final" within the meaning of the Settlement Agreement and (ii) in the absence of an order approving the proposed distribution. Payment from the Settlement Fund in accordance with such approved distribution shall be conclusive of compliance with the Settlement and Settlement Agreement as to all Authorized Claimants. No person shall have any claim against Plaintiffs or Plaintiffs' Counsel (nor against Defendants or Defendants' Counsel) based on any distribution or distributions made with the approval of the Court.

Q. All claims against Defendants in this action are dismissed with prejudice, and final judgment is entered thereon.

R. The Court retains exclusive jurisdiction over the parties and the Settlement Class members for all matters relating to this Action, including (a) the implementation, interpretation, and administration of the Settlement and the distribution of the Settlement Fund; (b) enforcing and administering the Settlement and this Order; and (c) any other matter related or ancillary to the foregoing.

S. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

ENTERED this 25th day of November, 2008

By:_____
THE HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS LEWIS, et. al., ) | |
| Plaintiffs, ) | |
| vs. ) | No. 05-1008 |
| JOHN MICHAEL STRAKA et al.; ) | |
| Defendants. ) | |

## PROPOSED PLAN OF ALLOCATION

During the class period, there were private placement stock offerings at which the lowest price was $17.29 and the highest price was $23.22. There were also third-party sales in the same price range, though some with prices over $24.00. The claim form will request the price paid as well as number of shares and approximate date of purchase. As to those shares purchased directly from CIB, the number of shares and the price reflected in CIB's records will control over a different price on the claim form. In the event the claim form does not give a price, a price for the purpose of allocation of $17.29 per share will be assigned.

The amount allocated per share will be proportioned based on the price paid per share. Accordingly, for each purchase, the number of shares purchased will be multiplied by the price paid to obtain the weighting factor. For example, 100 shares purchased at $18.00 a share will have a weighting factor of 1800; 100 shares purchased at $36.00 a share will have a weighting factor of 3600. The weighting factors will be totaled. Thus, in the example, the total weight would be 5400. The individual weighting factors will be divided by the total weighting factor. For example, 1800 divided by 5400 equals .333 and 3600 divided by 5400 equals .667. The total funds available for distribution to the class will then be multiplied times the transaction weight number. Thus, if the amount available is $1,000, the person who bought 100 shares at $36.00 a share will receive $667 and the person who bought 100 shares at $18.00 a share will receive $333.

For further illustration, assuming there are 2,000,000 shares for which a claim is submitted and the average price per share is $20.00. The total weighting factor would be 40,000,000. Assuming an individual bought 3,000 shares at $20.00 a share, the individuals weighting factor would be 60,000, which divided by 40,000,000 equals .0015 which is the percent of the net settlement proceeds that the individual will receive. Assuming the net settlement proceeds are $2,660,000 multiplying by .0015, the individual will receive $3,990 which equates to $0.75 per share.

CH2\27\713612.6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEWIS, *et. al.*,   )
                           )
    Plaintiffs,          )
                           )
vs.                        )   No. 2:05-cv-01008-LA
                           )
CIB MARINE BANCSHARES, INC., *et al.*;   )
                           )
    Defendants.          )

## OPT OUTS

    The only class member who timely filed a notice of opt out is Claramae D. Mora, the owner of 367 shares of stock. Upon explanation of the settlement by class counsel, she is withdrawing her opt out and filing a claim, which will be honor based on her timely filing of her opt out notice.

    Accordingly, there are no class members that have opt out.

    Opt out notices have been received from five (5) shareholders were not purchasers of stock during the class period and accordingly are not opt outs.

    See affidavits of Lonna B. Schulz, the president of Claims Administrator First Class Inc., for further details.

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS LEWIS, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 2:05-cv-01008-LA |
| ) | |
| CIB MARINE BANCSHARES, INC., et al.; ) | |
| ) | |
| Defendants. ) | |

## CLASS COUNSELS' PETITION FOR ATTORNEYS' FEES AND EXPENSES FOR LITIGATION

Heretofore class counsels have filed a voluminous memorandum of law of plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses including administrator's fees and class representatives' fees. For brevity this petition summaries the fee request:

1. Class counsel request an attorneys' fee of 1/3 of the gross settlement of $1,472,667.00, with interest thereon at the same rate as interest is earned on the escrowed settlement funds. No further fees will be requested for the hours required of counsel for the supervision of the claims process and distribution.

2. Expenses for litigation accrued as of November 14, 2008, in the amount of $52,650.64, with interest thereon at the same rate as interest is earned on the escrowed settlement funds.

3. Additional expenses will be incurred and administration of the settlement, a timely petition for those expenses will be filed.

Dated: 11/25/08

Respectfully submitted,

DENNIS LEWIS, et al., Plaintiffs, by Daniel J. Pope of PHEBUS & KOESTER, counsel for Plaintiffs.

By:_____
DANIEL J. POPE

PHEBUS & KOESTER
136 West Main Street
Urbana, IL 61801
(217) 337-1400

**ATTACHMENT C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEWIS, *et. al.*, )
)
    Plaintiffs, )
)
vs. ) No. 2:05-cv-01008-LA
)
CIB MARINE BANCSHARES, INC., *et al.*; )
)
    Defendants. )

## ORDER AS TO CLASS REPRESENTATIVES' FEES AND EXPENSES

The court hereby sets class representatives' fees and expenses as follows:

| NAME | FEES | EXPENSES | |
|---|---|---|---|
| Dennis Lewis | $3,000.00 | $0.00 | |
| Mark Selvaggio | $3,000.00 | 12,000 | LA |
| James Schuett | $3,000.00 | 12,000 | LA |
| James Hausman | $3,000.00 | 12,000 | LA |
| Steve Alton | $3,000.00 | 12,000 | LA |
| Patrick Newman | $3,000.00 | 12,000 | LA |
| Gary Nevins | $1,000.00 | $0.00 | |
| Doris Alton | $1,000.00 | $0.00 | |
| Bernie Myler | $1,000.00 | $0.00 | |
| Steven Morgan | $1,000.00 | $0.00 | |

Dated this 25th day of November, 2008

By: /s/ *signature*
THE HONORABLE LYNN ADELMAN,
UNITED STATES DISTRICT JUDGE

**ATTACHMENT D**